[Civ. No. 6208. Second Appellate District, Division One.—April 5, 1929.]

E. B. FISH, Respondent, v. JESSE A. RASOR et al., Appellants.

Samuel D. Weil for Appellants.

W. C. Shelton for Respondent.

YORK, J.—This is a suit brought on a promissory note, on which payment on account of interest had been made. The answer of the defendants denies nonpayment and sets up an affirmative defense by alleging certain agreements made as to the drilling of a well, claiming damages for failure of the well to produce the amount of water alleged to have been warranted.

The court in its findings on evidence introduced, finds against the contention of the defendants that such a warranty was made. The appellants urge "that it is inherently improbable that the casing could have been properly perforated under the flow conditions as they existed before reperforation," but the finding is not of an impossible fact and the evidence is sufficient to support the finding made.

One contention of the defendants is that the court erred in excluding evidence of defendants' damage by reason of lack of water from the well. If the trial court was right in its findings and if we are right in the conclusion we have heretofore reached, all of this evidence which was ruled out is now immaterial.

As to the last contention of the appellants, that they were entitled to a set-off of three hundred dollars for pulling and reinstalling the pump, the findings of the trial court on this issue made upon evidence, is against this contention, which, therefore, cannot be heard here.

The main arguments of the appellants appear to be in regard to matters relating to the flow of water underground and the contention of the appellants that the plaintiff warranted that the well upon the land of the defendants would produce a certain amount of water. This was denied by the plaintiff and the trial court found in accordance with the testimony of the plaintiff.

We do not believe that any of the contentions of the appellants are well founded, and judgment is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.